IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11CV123-03-V

| | |
|---|---|
| ROBERT L. VAN BUSKIRK, | |
| Petitioner, | |
| v. | **O R D E R** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**THIS MATTER** comes before the Court on initial review of Petitioner's Petition filed on May 18, 2011, pursuant to 28 U.S.C. §§ 2255, 2241, 2201 or 2202 (Doc. No. 1). For the reasons stated herein, the Petition will be denied and dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sometime in the early to mid 1990's, Petitioner entered a guilty plea to causing and attempting to cause a trade or business to file return containing a material misstatement of fact in violation of 26 U.S.C. § 7203. (Criminal Case 4:93cr1). As part of the plea agreement, weapons that were previously seized, belonging to Petitioner's children, were returned. Petitioner was sentenced to probation. According to Petitioner, he successfully completed the process of having his citizenship restored in 1995. (Doc. No. 1 at 8). In 2008, the firearms previously seized in connection with Petitioner's criminal case, were seized by the State in connection with a domestic abuse complaint filed by Petitioner's wife.

On May 22, 2009, the United States filed a Complaint in a civil action for forfeiture in rem of weapons and ammunition. (Civil Case 1:09cv197). On November 10, 2010, the parties

1

filed a settlement agreement in which the parties agreed that the United States would release and return the firearms and ammunition claimed by each Claimant (Petitioner's children) and that such firearms and ammunition shall not be maintained and stored at the real property at 433 Treasure Way, Rutherfordton nor shall such firearms and ammunition be maintained and stored at any property where Robert L. Van Buskirk resides. (Civil case 1:09cv197, Doc. No. 45: Settlement Agreement ¶ 6 a-d). On December 7, 2010, the Court entered a Consent Order incorporating all of the provisions of the Settlement Agreement into the Consent Order. (Id., Doc. No. 46).

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2255; 2241; 2201 and 2202 asking that the firearms subject to the Settlement Agreement, be permitted to be on the property on which he lives along with his family because of the "serious threat of wild dogs, coyotes and wolves." (Doc. No. 1 at 9).

## II. ANALYSIS

### A. 28 U.S.C. §§ 2255 and 2241 Are Not Appropriate

Both sections 28 U.S.C. §§ 2255 and 2241 require that the petitioner be in custody at the time he filed his petition. 28 U.S.C. § 2255(a); 28 U.S.C. § 2241(c). Petitioner concedes that he successfully served his entire six month probationary sentence including his supervised release and discharged his financial obligations. (Doc. No. 1 at 8). He also notes that in 1995, he had his rights restored. (Id.) Therefore, because it is clear that Petitioner is no longer in custody and was not in custody at the time he filed the instant Petition, §§ 2255 and 2241 relief are not

appropriate.[1]

### B. 28 U.S.C. §§ 2201 and 2202 Declaratory Relief

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995). A declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Centennial Life Ins. Co., v. Poston, 88 F.3d 255, 256 (4th Cir. 1996).

As far as this Court can ascertain, Petitioner is seeking to void or modify the terms of a Settlement Agreement entered in civil case 1:09cv197. It appears that Petitioner seeks to alter the term in the agreement that firearms and ammunition shall not be stored at the property where the Petitioner resides.[2] (See 1:09cv197, Doc. No. 45 ¶¶6a-d). Petitioner contends that he and his family need their firearms to be on the property on which they live because of the serious threat of wild dogs, coyotes and wolves. (Doc. No. 1 at 9). Petitioner also argues that he needs the firearms to be on his property because of a threat he has received against him, his family and his livestock. (Id. at 10).

The Court declines to consider Petitioner's Petition under the Declaratory Judgment Act. There are no extant rights to be declared. Petitioner will have to modify, nullify, or renegotiate

---

[1] Furthermore, any habeas claim under 28 U.S.C. § 2255 would likely be barred by the Antiterrorism and Effective Death Penalty Act's one-year limitations period. Likewise, a claim under 28 U.S.C. § 2241 must meet the exhaustion requirement.

[2] The Court notes that Petitioner was represented by counsel in connection with the civil proceeding.

the Settlement Agreement or otherwise seek relief by some other means. The nature of the relief Petitioner is requesting is not appropriate for declaratory relief.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Petitioner's Petition (Doc No. 1) is Denied and Dismissed;

(2) Petitioner's Motion for Immediate Removal of Defendant's Motion Back to Judge Voorhees for Order to Show Cause is DENIED. (Doc. No. 2)

(3) **IT IS FURTHER ORDERED** that to the extent a ruling on a certificate of appealability is required under these circumstances, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 9, 2011

Richard L. Voorhees
United States District Judge